UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERESA VAZQUEZ, on behalf of
Herself and all others similarly situated,

        Plaintiff,

v.                              Case No.:

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

        Defendant.

_____

**PORTFOLIO RECOVERY ASSOCIATES, LLC'S NOTICE OF REMOVAL**

Defendant Portfolio Recovery Associates, LLC ("PRA"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby notifies this Court that it is removing the above-captioned action currently pending in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.  In support of this Notice of Removal, PRA states as follows:

I.    BACKGROUND AND PROCEDURAL POSTURE

1.    Plaintiff Teresa Vazquez ("Plaintiff") filed a putative class action complaint ("Complaint") against PRA in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, on July 1, 2022, in a case styled as *Teresa Vazquez, on behalf of herself and all others similarly situated v. Portfolio Recovery Associates, LLC*, Case No. 2022-CA-001758 (the "State Court Action").

2.      PRA was served with the Summons and Complaint on July 12, 2022.

3.      This Notice of Removal is being filed with this Court within thirty (30) days of service of the Summons and Complaint as required by 28 U.S.C. § 1446(b).

4.      True and correct copies of all process, pleadings, and orders served on PRA in the State Court Action are attached hereto as composite **Exhibit A**.

5.      Removal is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's cause of action involves alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), a federal statute.

6.      In accordance with 28 U.S.C. § 1446(d), Defendant PRA has contemporaneously filed in the State Court Action a Notice of Filing of Notice of Removal and will attach a copy of this Notice of Removal thereto.  A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit B**.

7.      In accordance with 28 U.S.C. § 1446(d), Defendant PRA has also given written notice to Plaintiff by contemporaneously serving this Notice of Removal on counsel for Plaintiff.

8.      As required by 28 U.S.C. § 1441, Defendant PRA seeks to remove this case to the United States District Court for the Middle District of Florida, Tampa Division, which is the proper venue for this action because it is the federal district court that embraces the place where the State Court Action is pending.  *See* 28 U.S.C. § 1441(a).

9.      In filing this Notice of Removal, PRA does not waive and specifically reserves any and all defenses, exceptions, rights, and motions, including but not

limited to failure to properly effectuate service of process.  No statement or omission in this Notice shall be deemed an admission of any of the allegations of or relief sought in the Complaint.

10.     As set forth below, this case is properly removed to this Court because this Court has federal question jurisdiction under 28 U.S.C. § 1331.

## II.     THE COURT HAS FEDERAL QUESTION JURISDICTION

11.     Removal is proper under 28 U.S.C. § 1441 because this United States District Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331. Section 1331 provides that the District Courts shall have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

12.     Plaintiff's Complaint asserts violations of the FDCPA, a federal statute. Specifically, Plaintiff alleges PRA used a mail vendor to send a letter to Plaintiff and other members of the putative class regarding a debt and, in doing so, PRA unlawfully disclosed Plaintiff's and the putative class's personal and confidential information to an unauthorized third party in violation of 15 U.S.C. § 1692 *et seq.  See* Ex. A, ¶¶ 89-141, 102-105, 108-110.

13.     Because the FDCPA is a federal statute, and Plaintiff's claims arise under this statute, federal question jurisdiction exists. *See, e.g., Harrell v. Bank of Am., N.A.*, 813 Fed. Appx. 397, 400 (11th Cir. 2020) (affirming order denying motion to remand and noting that district court had federal question jurisdiction because complaint asserted multiple claims under federal law, including the FDCPA).

14.     Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

15.     Because Plaintiff's FDCPA claims arise under the laws of the United States, removal of this entire action is appropriate under 28 U.S.C. § 1441(a) and (c) on grounds that this Court has original jurisdiction over the claims arising under federal law and supplemental jurisdiction over the remaining Florida state law claim. *See* 28 U.S.C. § 1367(a).

16.     Moreover, based on Plaintiff's allegation that PRA's conduct caused her actual harm, Plaintiff has Article III standing.  Additionally, based on Plaintiff's allegation that PRA unlawfully disclosed Plaintiff's personal and confidential information to an unauthorized third party (*see* Ex. A, ¶¶ 102-105, 108-110), the face of the Complaint alleges what courts have recognized as an intangible injury under *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021), at the pleading stage. *See, e.g.*, *In re Mednax Services, Inc., Customer Data Sec. Breach Litig.*, 21-MD-02994-RAR, 2022 WL 1468057, at *2 (S.D. Fla. May 10, 2022) ("Concrete intangible harms may include reputational harms, disclosure of private information, and intrusion on seclusion."); *but see Klein v. Receivable Mgmt. Group, Inc.*, 8:22-CV-667-WFJ-AAS, 2022 WL 1239350, at *1 (M.D. Fla. Apr. 27, 2022).

17.     In *Hunstein v. Preferred Collection Management Services, Inc.*, 994 F.3d 1341 (11th Cir. 2021), the plaintiff's complaint contained nearly identical allegations to Plaintiff's allegations in this case.   On April 21, 2021, the Eleventh Circuit concluded that the named plaintiff possessed Article III standing. Though the Eleventh Circuit in *Hunstein* is currently rehearing that conclusion *en banc*, the deadline to remove is not capable of extension and thus PRA is unable to delay seeking to remove this case while the Eleventh Circuit considers the petition for rehearing *en banc*.

## III.     CONCLUSION

WHEREFORE, for the foregoing reasons and authorities, Defendant PRA removes the above-captioned action now pending in the Sixth Judicial Circuit in and for Pasco County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, and requests that said District Court assume exclusive jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated:  August 5, 2022

McGUIREWOODS LLP

By   */s/ Emily Y. Rottmann*
    Sara F. Holladay
    Florida Bar No. 026225
    sholladay@mcguirewoods.com
    fladmin@mcguirewoods.com
    Emily Y. Rottmann
    Florida Bar No.
    erottmann@mcguirewoods.com
    clambert@mcguirewoods.com
    Kathleen D. Kilbride
    Florida Bar No. 1003294
    kkilbride@mcguirewoods.com
    flservice@mcguirewoods.com
    50 North Laura Street, Suite 3300
    Jacksonville, Florida 32202
    (904) 798-3200
    (904) 798-3207 (fax)

*Counsel for Defendant Portfolio Recovery Associates, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 5, 2022, a true copy of the foregoing was

served via electronic mail and U.S. Mail, postage prepaid, upon the following:

Jason Tenebaum
Tenenbaum Law Group, PLLC
1600 Ponce De Leon Blvd.
10th Floor
Coral Gables, Florida 33134
jason@tenenbaumlawgroup.com
*Counsel for Plaintiff*


/s/ Emily Y. Rottmann