**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PASCO COUNTY, FLORIDA**
**CIVIL DIVISION**

|  |  |
|---|---|
| **TERESA VAZQUEZ,** *on behalf of herself and all others similarly situated,* | **Index No.:** |
| **PLAINTIFF,** | |
| **v.** | **JURY DEMAND** |
| **PORTFOLIO RECOVERY ASSOCIATES, LLC,** | |
| **DEFENDANT.** | |

**CLASS ACTION COMPLAINT**

Plaintiff Teresa Vazquez ("Plaintiff" or "Ms. Vazquez"), individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collections Practices Act, Fla Statute 559.55, *et seq.* ("FCCPA") against defendant Portfolio Recovery Associates, LLC, as follows:

**INTRODUCTION**

1.      This action seeks to recover for violations of the FDCPA and the FCCPA.

2.      The FDCPA was enacted to protect citizens from such abuses by debt collectors, like the ones described in this Complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.      The FDCPA protects consumers from abusive debt collection practices by regulating the conduct of debt collectors. *See Crawford v. LVNV Funding LLC*, 758 F.3d 1254,

1

1257 (11th Cir. 2014) (noting that "Congress passed the FDCPA in 1977 to stop the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" (internal quotation marks omitted)). To enforce its provisions, the FDCPA provides consumers with a private right of action against debt collectors who violate the Act. *Id.* at 1258.

4.     The 11th Circuit applies the "least-sophisticated consumer" standard. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1201 (11th Cir. 2010) (explaining that the least-sophisticated consumer standard applies to determine whether a debt collector has violated §§ 1692e or 1692f of the FDCPA).

5.     Under the foregoing standard, a debt collector violates § 1692e by making a representation in a letter that would be deceptive or misleading to the "least sophisticated" recipient of the letter. *Id.* at 1193–95.

6.     Likewise, a collection practice violates § 1692f if it would be unfair or unconscionable as applied to the "least sophisticated" debtor subjected to the practice. *Id.* at 1201.

7.     The least-sophisticated consumer standard is intended to protect "all consumers, the gullible as well as the shrewd." *Id.* at 1194 (internal quotation marks omitted).

8.     After Congress passed the FDCPA, the Florida State legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors and creditors. To this end, the Florida State legislature passed the FCCPA. The FCCPA is designed to protect consumers from harassment like the type described herein, and to protect consumers like the Plaintiff. "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." § 559.552.

## JURISDICTION AND VENUE

9.      This is an action for damages within the jurisdiction of this Court.

10.     This Court has jurisdiction pursuant to Section 26.012(2)(a), Florida Statutes, because this is an action for damages that exceeds $30,000 exclusive of interest, attorneys' fees, and costs.

11.     This Court also has jurisdiction over the Plaintiff's claim pursuant to Section 86.011, Florida Statutes.

12.     Venue is also proper in Pasco County, Florida  pursuant to FL Stat. § 559.77(1) as a substantial part of the events or omissions giving rise to the claims occurred in this County and Plaintiff resides in this County.

13.     This Court has jurisdiction over defendant Portfolio Recovery Associates, LLC because it regularly transacts business within this County, derive substantial revenue from services rendered in this County, have committed tortious acts within this County and have caused injury to persons within this County as described herein.

## PARTIES

14.     Plaintiff Teresa Vazquez is an individual who is a citizen of the State of Florida residing in Pasco County, Florida.

15.     Plaintiff is a natural person allegedly obligated to pay a debt.

16.     Plaintiff is a "consumer" as defined by the FDCPA and FCCPA.

17.     The alleged violations described in the Complaint with respect to Plaintiff occurred in Pasco County, Florida, and with respect to proposed Class Members occurred throughout the State of Florida.

18.     Defendant Portfolio Recovery Associates, LLC ("PRA" or "Defendant") is a company existing under the laws of the State of Delaware, with its principal place of business in Norfolk, Virginia.

19.     PRA has transacted business within this state as is more fully set forth hereinafter in this Complaint.

20.     PRA regularly collects or attempts to collect debts asserted to be owed to others.

21.     PRA is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

22.     The principal purpose of PRA's businesses is the collection of such debts.

23.     PRA uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

24.     PRA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCCPA.

25.     The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall means all Defendant or their owners, officers, agents, and/or employees.

### FACTUAL ALLEGATIONS

26.     Defendant alleges that Plaintiff owes a debt or debts (the "alleged debt").

27.     The alleged debt does not arise from any business enterprise of Plaintiff.

28.     All of Defendant's collection actions at issue occurred within one year of the date of this Complaint.

29.    Defendant alleges the alleged debt arose from a debt originally owed to Capital One Bank, N.A., in the amount of $236.28.

30.    Defendant alleges, at some point, the alleged debt was sold, transferred, or assigned to Defendant.

31.    At the time the alleged debt was sold, assigned, or otherwise transferred to Defendant for collection, the alleged debt was in default. Debt purchasers, also referred to as "debt scavengers," purchase large portfolios of old, charged-off consumer debt from credit card companies or other debt scavengers for pennies on the dollar.  These portfolios usually are without account-level documentation establishing that the amount sought is correct, and without sufficient proof of the scavenger's legal right, title and/or interest in the money sought.  By paying so little for the debt, debt scavengers stand to make tremendous amounts of money when unsuspecting or easily confused consumers pay even a small portion of the money sought.

32.    PRA is one of the largest debt purchasers in the world. In 2021 alone, PRA purchased more than $950 million in consumer debt and collected more than $2 billion from consumers.  By the end of 2021, PRA's open book of collections topped $6 billion.

33.    According to data provided by the Consumer Financial Protection Bureau (the "CFPB"), consumer complaints about debt buyers and collectors attempting to collect money not actually owed by the consumer are by far the most common of all complaints received by the Bureau every year.  PRA is near the top for the entire country in terms of the volume of such complaints against debt buyers.

34.    For instance, in 2015, the CFPB ordered PRA to pay $19 million in consumer refunds and an $8 million penalty, and to stop collecting on over $3 million worth of debts, and barred PRA from reselling debts to third parties.  The CFPB found that PRA deceived consumers

to collect on debts they should have known were inaccurate, stated incorrect balances, interest rates, and payment due dates, and failed to provide documentation on debts. Similarly, in 2014, the Attorney General of New York obtained a settlement against PRA "for repeatedly bringing improper debt collection actions against New York consumers." The settlement required abandonment of millions of dollars of claims against New York consumers. PRA was also cited in Human Rights Watch's report "Rubber Stamp Justice," which found that debt buyers rely on "highly questionable information and evidence" to support the accuracy of the debts they purchase.

35.     Nevertheless, PRA floods New York State Courts, including this Court, with tens of thousands of lawsuits claiming New York consumers owe them money. The tidal wave of lawsuits against New York consumers by debt purchasers like PRA has not gone unnoticed by New York's legislature, New York consumer protection agencies, and the Courts, and has resulted in a series of amendments to the CPLR and local court rules, and the enactment of the Consumer Credit Fairness Act which mandates heightened judicial scrutiny and evidentiary burdens on such actions.

36.     This is the same tortured process that Plaintiff's account endured. Plaintiff maintained a personal credit card account with Capital One Bank, N.A. Due to financial difficulties, Plaintiff began to fall behind on payments owed on the credit card.

37.     In or around April 16, 2022, Plaintiff received a letter from PRA alleging that Plaintiff no longer owed money to Capital One Bank, N.A., but now owed PRA $236.28. Apparently, PRA purchased a large portfolio of charged-off consumer debt from Capital One Bank, N.A. for pennies on the dollar. Such portfolio presumably included Plaintiff's name, but failed to include account-level documentation, such as a credit agreement signed by Plaintiff for the amount sought, to establish PRA's legal right, title and/or interest in $236.28 allegedly owed by Plaintiff.

38.     Upon information and belief, PRA decided to utilize third party vendors to perform activities on its behalf.

39.     In its efforts to collect the alleged debt, PRA decided to contact Plaintiff by written correspondence.

40.     Rather than preparing and mailing such written correspondence to Plaintiff on its own, PRA decided to utilize a third-party vendor to perform such activities on its behalf.

41.     As part of its utilization of the third-party vendor, PRA conveyed information regarding the alleged debt to the third-party vendor.

42.     The information conveyed by PRA to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged debt, the entity to which Plaintiff allegedly owed the debt, and the fact that the alleged debt concerned a defaulted debt of Plaintiff.

43.     In fact, PRA also conveyed it was a debt collector and was attempting to collect a debt from Plaintiff.

44.     PRA's conveyance of the information regarding the alleged debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

45.     The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at PRA's direction.

46.     That letter, dated April 16, 2022 (the "Letter"), was received and read by Plaintiff.

47.     The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

48.     The FDCPA prohibits the sharing of information regarding a consumer "without the prior consent of the consumer given directly to the debt collector, or the express permission of

a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy…" *See* 15 U.S.C. § 1692c(b).

49.    In relevant part, Section 1692c(b) states, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." *See* 15 U.S.C. § 1692c(b).

50.    The sharing, transferring, or communicating of Plaintiff's information is prohibited by law.

51.    Plaintiff did not provide prior consent to PRA to the sharing of Plaintiff's information with third parties.

52.    Plaintiff did not provide her prior consent to the sharing of her information with the third-party letter vendor PRA chose to convey information to regarding the alleged debt as part of its collection efforts.

53.    Plaintiff did not provide prior consent to the sharing of her information with any third-party.

54.    Plaintiff did not provide prior consent to the sharing of her information with PRA.

55.    Defendant's intentional or negligent conduct of sharing, transferring, or communicating of Plaintiff's personal and sensitive information without Plaintiff's prior consent, caused an invasion into Plaintiff's individual privacy, which caused Plaintiff concern, embarrassment, anxiety, worry, sleeplessness, and emotional distress, causing Plaintiff to spend time to retain counsel, causing him loss of time.

56.    The Letter alleges that Plaintiff owed the alleged debt to PRA in the amount of $236.28.

57.    Plaintiff did not owe money to PRA.

58.    Plaintiff was never indebted to PRA.

59.    Plaintiff did not owe $236.28 to PRA.

60.    PRA never offered to extend credit to Plaintiff.

61.    PRA never extended credit to Plaintiff.

62.    Plaintiff was never involved in any transaction with PRA.

63.    Plaintiff never entered into any contract with PRA.

64.    Plaintiff never did any business with PRA.

65.    Plaintiff was never advised by anyone that the alleged debt was sold to PRA.

66.    Plaintiff was never advised by anyone that the alleged debt was assigned to PRA.

67.    Plaintiff was never advised by anyone that the alleged debt was transferred PRA.

68.    Plaintiff was never advised by anyone that the alleged debt was acquired by PRA.

69.    PRA is a stranger to Plaintiff.

70.    Upon information and belief, PRA does not possess competent proof that any entity assigned to it all of that entity's interest in the alleged debt.

71.    Upon information and belief, PRA does not possess competent proof that any entity assigned to it the right to any proceeds from the alleged debt.

72.    Upon information and belief, PRA does not possess competent business records concerning the alleged debt from any entity that owned the alleged debt.

73.    Upon information and belief, PRA does not possess personal knowledge of the facts set forth in any business records concerning the alleged debt received from any entity that owned the alleged debt.

74.    Upon information and belief, PRA does not possess any credit agreement between

Plaintiff and any entity that owned the alleged debt.

75.     Upon information and belief, PRA does not possess any competent proof that Plaintiff agreed to pay the alleged debt.

76.     Upon information and belief, PRA does not possess any competent proof that Plaintiff is obligated to pay the alleged debt.

77.     Upon information and belief, PRA does not possess any competent proof that Plaintiff owed $236.28 at the time PRA ostensibly acquired the alleged debt.

78.     Upon information and belief, PRA does not possess any competent proof that $236.28 was accurate at the time PRA ostensibly acquired the alleged debt.

79.     Upon information and belief, PRA holds no legal right, title or interest in any debt Plaintiff allegedly owed.

80.     Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

81.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged debt and other alleged debts.

82.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

83.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

84.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff to be sued.

85.    A favorable decision herein would serve to deter Defendant from further similar conduct.

## FIRST COUNT
## Violation of § 1692c(b) of the FDCPA

86.    Plaintiff repeats and realleges paragraphs 1-55 and 80-85 as if fully restated herein.

87.    15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

88.    Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged debt.

89.    Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

90.    Plaintiff never consented to Defendant's communication with anyone concerning the alleged debt or concerning Plaintiff's personal and/or confidential information.

91.    Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

92.    Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

93.    Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

94.    Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

UNOFFICIAL DOCUMENT

11

95.    Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged debt to the third-party vendor.

96.    Plaintiff never consented to Defendant's communication with Plaintiff's mother concerning the alleged debt.

97.    Plaintiff never consented to Defendant's communication with Plaintiff's mother concerning Plaintiff's personal and/or confidential information.

98.    Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged debt to Plaintiff's mother.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

        a.   Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

        b.   Awarding actual damages;

        c.   Awarding costs and attorneys' fees; and

        d.   Any other and further relief as this Court deems just and equitable.

**SECOND COUNT**
**Violation of § 1692f of the FDCPA**

99.    Plaintiff repeats and realleges paragraphs 1-55 and 80-85 as if fully restated herein.

100.    Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," and underscores "the general application of" such prohibition.

101.    The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

UNOFFICIAL DOCUMENT

12

102.     Defendant disclosed Plaintiff's private and sensitive information to the third-party vendors.

103.     Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged debt.

104.     Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

105.     Plaintiff never consented to Defendant's communication with anyone concerning the alleged debt or concerning Plaintiff's personal and/or confidential information.

106.     Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

107.     Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

108.     Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

109.     Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

110.     The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

111.     For the foregoing reasons, Defendant violated 15 U.S.C. § 1692f and is therefore liable to Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

e.   Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

f.   Awarding actual damages;

g.   Awarding costs and attorneys' fees; and

h.   Any other and further relief as this Court deems just and equitable.

## THIRD COUNT
### Violation of 15 U.S.C. § 1692g(a)

112.   Plaintiff repeats and realleges paragraphs 1-37, 46, and 56-85 as if fully restated herein.

113.   15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

114.   As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

115.   To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

116.   A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

117.   As set forth above, Plaintiff did not owe $236.28.

118.   As such, Defendant did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

119.   In sum, Defendant's statement of the amount of the alleged debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

120.     As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

121.     To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

122.     A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

123.     As set forth above, Plaintiff did not owe money to PRA.

124.     As such, Defendant did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

125.     In sum, Defendant's statement that PRA was the name of the creditor to whom the alleged debt was owed, when Plaintiff did not owe any money to PRA, violates 15 U.S.C. § 1692g(a)(2).

126.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g, 1692g(a)(1), and 1692g(a)(2), and is liable to Plaintiff therefor.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

b. Awarding actual damages;

c. Awarding costs and attorneys' fees; and

d. Any other and further relief as this Court deems just and equitable.

**FOURTH COUNT**
**Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) by Defendant**

127.    Plaintiff repeats and realleges paragraphs 1-37, 46, and 56-85 as if fully restated herein.

128.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

129.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

130.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

131.    An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

132.    An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not owe that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

133.    As set forth above, Plaintiff did not owe $236.28.

134.    As set forth above, Plaintiff did not owe money to PRA.

135.    As such, Defendant's allegation that Plaintiff owed $236.28 is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692e.

136.    Defendant's allegation that Plaintiff owed money to PRA is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692e.

137.    Defendant's allegation that Plaintiff owed $236.28 is a false representation of the character, amount, and/or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

138.    Defendant's allegation that Plaintiff owed money to PRA is a false representation of the character, amount, and/or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

139.    Defendant's allegation that Plaintiff owed $236.28 is a false representation made in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

140.    Defendant's allegation that Plaintiff owed money to PRA is a false representation made in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

141.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) and are liable to Plaintiff therefor.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

        a.  Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

        b.  Awarding actual damages;

        c.  Awarding costs and attorneys' fees; and

        d.  Any other and further relief as this Court deems just and equitable.

## FIFTH COUNT
### Violation of § 559.72(9) of the FCCPA

142.    Plaintiff repeats and realleges paragraphs 1-37, 46, and 56-85 as if fully restated herein.

143.    Section 559.72(9) of the FCCPA provides that a debt collector shall not: "*Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*"

144.   Plaintiff did not owe $236.28.

145.   Plaintiff did not owe any money to PRA.

146.   Defendant violated Section 559.72(9) of the FCCPA.

147.   Defendant's violation of Section 559.72(9) of the FCCPA renders each liable to Plaintiff for actual and statutory damages, costs, and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

b.   Awarding actual damages;

c.   Awarding costs and attorneys' fees;

d.   Any other and further relief as this Court deems just and equitable.

## CLASS ALLEGATIONS

148.   Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of Florida.

149.   Plaintiff seeks to certify the class of:

> **Class:** All consumers where Defendant sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

150.   This class action seeks a finding that Defendant's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

151.   The Class consists of more than thirty-five persons.

18

152.    Plaintiff's claims are typical of the claims of each Class. Common questions of law or fact raised by this action affect all members of each Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of each Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

153.    The prosecution of separate actions by individual members of each Class would create a risk of inconsistent or varying adjudications with respect to the individual members of each Class, and a risk that any adjudications with respect to individual members of each Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to each Class as a whole such that declaratory relief is warranted.

154.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

155.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment be entered:

    a.    Certifying this action as a class action; and
    b.    Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c.  Finding Defendant Portfolio Recovery Associates, LLC's actions violate the FDCPA; and

d.  Damages pursuant to 15 U.S.C. § 1692k; and

e.  The costs of this action and attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.  Finding Defendant Portfolio Recovery Associates, LLC's actions violate the FCCPA; and

g.  Damages pursuant to § 559.77(2) of the FCCPA; and

h.  The costs of this action and attorneys' fees pursuant to Florida Stat. § 559.77(2); and

i.  Punitive damages pursuant to the FCCPA;

j.  Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

k.  Such other and further relief that the Court determines is just and proper.

Dated: July 1, 2022

Respectfully Submitted,

/s/:__*Jason Tenenbaum*_____
Jason Tenenbaum, Esq.
Tenenbaum Law Group, PLLC
1600 Ponce De Leon Blvd.
10th Floor
Coral Gables, FL 33134
PH: (305) 402-9529
FAX:  (786) 292-1948

*Attorneys for Plaintiff*

UNOFFICIAL DOCUMENT

20